AO 241
(Rev. 01/15)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

FILED        LODGED
RECEIVED Page 2

MAY 16 2023

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                        DEPUTY

| United States District Court Western | District: | |
|---|---|---|
| Name (under which you were convicted): JOHN E Roach | | Docket or Case No.: 3:23-CV-5446 BHS GJL |
| Place of Confinement: | | Prisoner No.: 869753 |
| Petitioner (include the name under which you were convicted) John E Roach | v. | Respondent (authorized person having custody of petitioner) ATTORNEY GENERAL, WASHINGTON STATE |
| The Attorney General of the State of: | | |

*Free PO Tac 3-284*

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Pierce County Superior Court

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: 2-6-2006

3. Length of sentence: 41 months

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   ASSAULT OF A CHILD SECOND DEGREE CONSPIRE ON COURT RECORD OFFICER OF THE COURT ON THIS CASE THUS INTERNET NEXT THEY GET COPY'S TOO TWO FEDERAL PEOPLE HAVE READ YOU CONSPIRE LIE TOO THEY WILL POST ON INTERNET TOO

6. (a) What was your plea? (Check one)
   ☒ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

   STATUTE OF LIMITION ON DISCOVERY RULE EXCEPTION 569 US 383

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

I AMENDMENT RISHT ON INTELARY

(c) If you went to trial, what kind of trial did you have? (Check one)

[X] Jury   [ ] Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

[X] Yes   [ ] No

8. Did you appeal from the judgment of conviction?

[X] Yes   [ ] No

9. If you did appeal, answer the following:

(a) Name of court: D V 2

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised: PROSECUTOR MISCONDUCT

MCQUIGGIN L PERKINS 569 US 383
OVER STATUTE OF LIMITION ON
CONSPIRE

(g) Did you seek further review by a higher state court?   [X] Yes   [ ] No

If yes, answer the following:

(1) Name of court: WA STATE SUPREME COURT

(2) Docket or case number (if you know):

(3) Result: EXCULPATORY THEY CALLED IT IT
WASNT IT WAS IMPEACHMENT EVIDENCE

(4) Date of result (if you know): PROSECUTOR HAD FULL KNOWLEDGE
OF BOTH COURT POLICY 608 9 CREDIBILITY AND HEARSAY
708 AND DOJ 9-5001 b DISCOVERY BUDDENCE

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know):

(6) Grounds raised: PROSECUTOR MISCONDUCT
SUPPRESSION OF EVIDENCE
CONSPIRE ON COURT RECORD
WHICH IS A FEDERAL CRIME, 18 USC 241

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised: BUT I did BRING UP
DOJ 9-5001R
AND called it EXCULPATORY, iT was
IMPEACHMENT EVIDENCE
GIGLIO V. US    405-US 150
WAS ON THAT INFO, TOO
AND PROSECUTOR, HAD TO BY
FEDERAL LAW, BOTH 608 & 41 AND
HEARSAY Evidence TO THE JURY
18 USC 241 INSTEAD HE THE JUDGE & ATTORNEY

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No   lied on OPEN COURT RECORD

(7) Result: RECORD,

(8) Date of result (if you know):

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☐ No

(2) Second petition:   ☐ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** CONSPIRE 18 USC 241 on IMPEACHMENT EVIDENCE, EXHIBIT 2 AND EXHIBIT 1

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

VERBATIM TRANSCRIPT EXHIBIT 3 PG, 398 LN 25 PG to 3, "CHARACTER, but THERE IS NO EVIDENCE THAT HE HAS bad CHARACTER" or SOMETHING LIKE THAT, EFFECT YET EXHIBIT 1 608(a) CHARACTER EVIDENCE FILED IN OPEN COURT FILE DEPT 8 And EXHIBIT 2 HEARSAY EVIDENCE FILED in

(b) If you did not exhaust your state remedies on Ground One, explain why: OPEN COURT 90q DEFENDANT HAD A LEGAL RIGHT TO THIS EVIDENCE THE LAW REQUIRES THE DISCLOSURE OF IMPEACHMENT EVIDENCE WHEN SUCH EVIDENCE MATERIAL, TO GUILT OR PUNISHMENT,   THE STATE AG AND JUDGE D ATTORNEY LIED ON OPEN COURT RECORD A FEDERAL FELONY  10 YEARS IN FEDERAL PRISON

AO 241
(Rev. 01/15)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *DISTRICT COURT*

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

ABUSE OF DISCRETION BY JUDGE

**GROUND TWO:** ABUSE OF DISCRETION BY JUDGE
SUPPRESSING EVIDENCE IN CRIMINAL TRIAL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

JUDGE HAD FULL KNOWLEDGE OF
BOTH OPEN COURT MOTIONS
EXHIBIT 1 66(a) CHARACTER EVIDENCE
18 USC 241, CONSPIRE ON COURT RECORD
AGAINST (2 R)
EXHIBIT 2 HEAR SAY STATEMENT
AND CONSPIRE ON COURT RECORD, All THREE

(b) If you did not exhaust your state remedies on Ground Two, explain why: EXHAUST STATE

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

DAVILA V DAVIS 137 SCT 2058

**GROUND THREE:** INEFFECTIVE ASSIANCE OF APPEALATE COUNSEL,

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

APPRATE ATTORNEY KNEW OR VERBATOM
GIGLIO V US 405 US 150 IMPEACHMEN
TRANSCRIPTS - AND HOW - ALL THERE
TIPPD ON OPPN COURT RECORD
ON BOTH OPPN COURT MOTION 60(B)(4)
& HEARSAY EVIDENCE
THUS THEY CONSPIRE KNOWING THAT
EVIDENCE IS THERE  18 USC 241,

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)  **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction? ☐ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition? ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging? ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☒ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

564 US 383 McQuiggin v Perkins
Actual innocence on conspire
and Giglio v US 405 US 150 impeach
ment evidence on open court record
record its a federal crime
to supress impeachment evidence on
court Ruling they lie about it

AO 241
(Rev. 01/15)

Rule 608 (a)

EVIDENCE OF BIAS
ANY MOTIVE TO MISREPRESENT
MAY BE SHOWN TO IMPEACH
THE WITNESS
ABUSE OF DISCRETION BY JUDGE
LYING ON COURT RULING THERE
WAS NO EVIDENCE WHEN
OPEN COURT, MOTIONS EXHIBIT 1
DEFENDANT MOTION TO ADMIT
ER 608(a) CHARACTER EVIDENCE AGAINST
(2R) EXHIBIT 2 MOTION FOR PRETRIAL
HEARING ON CHILD HEARSAY STATEMENT
THUS Giglio v US 405 US 150
ALLOWS THIS EVIDENCE AND DOJ
9-5001B IS A FEDERAL LAW TOO
THE STATE OF WASHINGTON HAS
LIED IN OPEN COURT PROCEEDING
THIS IS A FEDERAL CRIME
WHICH WILL BE PLACE ON INTERNET
TO SHOW THEY LIE IN COURT PROCEEDING
TOO WIN CASES AND TO BOYCOTT
WASHINGTON STATE AT ALL COST

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in
part that: AND ALL UNITED STATES CITIZEN WILL SEE YOUR (LIE)

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)      The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *TO GRANT THE*
*RELIEF TO OVERTURN*
*VACATE THE RECORD*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

*5602 112TH AVE CT E*
*PuyAllup, WA 98372*

*PRO SE*

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____
_____

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| Plaintiff, | ) Superior Court<br>) No. 04-1-05119-5 |
| v. | ) |
| JOHN E. ROACH, | ) Court of Appeals<br>) No. 34515-3-II |
| Defendant. | ) |
| | ) Volume 6-B |

VERBATIM TRANSCRIPT OF PROCEEDINGS
Motions
October 31, 2005 (p.m.)

COPY

ANN MARIE G. ALLISON, CCR, RPR
Official Court Reporter, Department 20
Pierce County Superior Court
930 Tacoma Avenue South, Room 534
Tacoma, Washington 98402

361

3   ............ those -- bias there,

and I can go after that bias.

4   And those are the two that I can think of right

5   now that still -- that are out there.

6   THE COURT:  So we won't see each other again

7   until the morning of the 29th.  However, on the 28th,

8   Mr. Pimentel, you have -- you're actually -- Mr. Roach

9   has got to be here long enough to --

10   MR. PIMENTEL:  Monday the 28th.

11   We need to write an order.

12   THE COURT:  Right, so that I can swear in

13   the jury.

14   MR. PIMENTEL:  Your Honor, I would ask that

15   we enter the orders on the -- the findings for

16   competency and hearsay.  He presented those to me.

17   MR. LEECH:  And I did -- I discovered over

18   the lunch hour that our office has a template for

19   competency and hearsay, and I went through and did

20   that.  And I apparently misstated --

21   MR. PIMENTEL:  No. 2.

22   MR. LEECH:  My proposed orders finding

23   hearsay admissible, I said ZR is generally of good

24   character, and the Court held that he was too young to

25   develop character.  What I would propose is to say

STATE v ROACH, Colloquy - 10/31/05

398

character," or something to that effect.

    THE COURT:  I think that I ruled he understands his obligation to tell the truth and realizes what happens when he doesn't.

    MR. PIMENTEL:  Let's be more -- this isn't specific enough, I don't think.

    Did you take notes?

    MR. LEECH:  I did.

    MR. PIMENTEL:  The competency one I don't have a problem with unless you want to take the three right now, but I don't have a problem.

    MR. LEECH:  I can go through the were to each of the Court's findings, and circulate proposed copies to and Mr. Pimentel so that we can the issues in advance.

    MR. PIMENTEL:  I handing forward the order finding ZR

    THE COURT: 9. I have a in the morning. I'll see Mr. Pim stand-in and Mr. Leech on the November at 1:30.

    MR. Correct.

STATE v ROACH - 10/31/05

393

2     today?

3              MR. PIMENTEL:  No.  We'll do the presentment

4     of the other order on the 29th.

5              THE COURT:  I've signed the order finding

6     the child victim competent to testify at trial.

7

8                        (Recess)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

              STATE v ROACH, Colloquy - 10/31/05

04-1-05119-5   24248487   MT   12-15-05

FILED
DEPT. 8
IN OPEN COURT

NOV 30 2005

Pierce County Clerk
By _____
DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

STATE OF WASHINGTON,

    Plaintiff,

vs.

JOHN ROACH,

    Defendant.

CAUSE NO.  04-1-05119-5

DEFENDANT'S MOTION TO ADMIT
ER 608(a) CHARACTER EVIDENCE
AGAINST ZR

## FACTS

The defense intends to call Bill Harrington, the Guardian Ad Litem of ZR, to testify to ZR's character for untruthfulness.  Mr. Harrington was ZR's Guardian Ad Litem in the dissolution between Mr. and Ms. Roach.  Mr. Harrington will testify that he had access to all of ZR's medical and school records, that he contact with ZR's counselors and teachers, and through these people was informed of the conduct of ZR both as it related to interacting with supervisors, but also peers.

Mr. Harrington will testify that he had significant contact with ZR's daycare provider, Sally Gray, who communicated to him that ZR had issues with dishonesty.  Sally Gray was ZR's daycare provider during 2003 and early 2004.  Sally Gray is the person who communicated this problem to Dr. Timothy Ernest, who recorded in his psychological evaluation of ZR, "[ZR] does have difficulty regarding lying"  See p.1, Exhibit G of Defendant's Motion for Pretrial Hearing previously submitted.

DEFENDANT'S MOTION TO ADMIT
ER 608(a) CHARACTER EVIDENCE
AGAINST ZR ~ 1

JORDAN LAW OFFICE, P.S.
2201 NORTH 30TH STREET
TACOMA, WA 98403
(253) 627-4040
(253) 627-4157 (Fax)

1     During that same timeframe (early and mid-2004), Mr. Harrington also had significant

2 contact with ZR's teacher, Sue Corak of Spinning Elementary School in Puyallup, Washington.

3 According to Mr. Harrington, Ms. Corak had great difficulty with ZR lying. According to Ms.

4 Corak, ZR would steal property from other students, hide the property and then lie about it. He was

5 apparently caught doing this on numerous occasions. This is also mentioned in ZR's Psychiatric

6 Evaluation. See Exhibit G of Defendant's motion for Pretrial Hearing previously submitted at page

7 3.

8     This same conduct is noted by ZR's counselor. On December 15, 2004 ZR's counselor

9 wrote: "Behaviors continue with secretive, hiding items." See Exhibit N of Defendant's motion for

10 Pretrial Hearing previously submitted. On that same date the counselor wrote: "Behaviors –

11 defiance, arguing, lying acting out at school."

12     On January 19, 2005 ZR's Foster Mother reported problems with ZR lying. See Exhibit O

13 of Defendant's motion for Pretrial Hearing previously submitted. In that same report, ZR's

14 counselor noted that ZR's Foster Mother reports "angry outbursts and lying." Id.

15     Bill Harrington will testify that everyone associated with ZR, (teachers, counselors,

16 healthcare workers and even his mother and father) recognized that ZR had huge problems lying.

17 Mr. Harrington will testify that ZR would make-up stories that had no basis in fact. On one

18 occasion, Mr. Roach, based on ZR's report, reported to CPS that Ms. Roach's daughter was having

19 sex with a 50 year-old neighbor. This turned out to be completely false. Mr. Harrington will testify

20 that ZR's stories were so frequent and disturbing that by the time that this incident occurred, Mr.

21 Harrington required substantiation for any story that ZR told because his lies were so frequent and

22 extravagant.

23     <u>ARGUMENT</u>

24     1.  <u>ZR's Character for Untruthfulness should be admissible under ER 608(a).</u>

25

DEFENDANT'S MOTION TO ADMIT
ER 608(a) CHARACTER EVIDENCE
AGAINST ZR –2

JORDAN LAW OFFICE. P.S.
2201 NORTH 30TH STREET
TACOMA. WA 98403
(253) 627-4040
(253) 627-4157 (Fax)





FILED
DEPT. 8
IN OPEN COURT

OCT 26 2005

Pierce County Clerk
By _____
DEPUTY

04-1-05119-5    24248433    MT    12-16-05

1

2

3

4

5

6

7                IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

8                        IN AND FOR PIERCE COUNTY

9

10   STATE OF WASHINGTON,

11             Plaintiff,                    CAUSE NO. 04-1-05119-5

12        vs.

13   JOHN ROACH,                             MOTION FOR PRETRIAL
                                             HEARING ON CHILD HEARSAY
14             Defendant.                    STATEMENTS AND
                                             TRIAL MEMORANDUM
15

16

17                                  FACTS

18        On August 12, 2004, the kid's school clubhouse daycare in Puyallup, Washington reported

19   to CPS that ZR had a quarter-size bruise on his forehead, a bruise on his right cheek, and a large

20   dark bruise on his right shoulder.  The daycare further reported that when asked how he received the

21   bruises, ZR indicated that his father struck him multiple times with keys when he was angry.  There

22   are no other allegations contained in the CPS report.  Attached and incorporated as though fully set

23   forth herein is the DSHS referral report dated August 12, 2004.

24

25

ORIGINAL

JORDAN LAW OFFICE, P.S.
2201 NORTH 30TH STREET
TACOMA, WA 98403
(253) 627-4040
(253) 627-4157 (Fax)

20





FILED
DEPT. 8
IN OPEN COURT

NOV 30 2005

Pierce County Clerk
By
DEPUTY

1

2    04-1-05119-5   24248467   MT      12-15-05

3

4

5

6              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
               IN AND FOR PIERCE COUNTY

7

8    STATE OF WASHINGTON,

9              Plaintiff,                  CAUSE NO.  04-1-05119-5

10        vs.

11   JOHN ROACH,                           DEFENDANT'S MOTION TO ADMIT
                                           ER 608(a) CHARACTER EVIDENCE
12             Defendant.                  AGAINST ZR

13

14

15                              FACTS

16        The defense intends to call Bill Harrington, the Guardian Ad Litem of ZR, to testify to ZR's

17   character for untruthfulness. Mr. Harrington was ZR's Guardian Ad Litem in the dissolution

18   between Mr. and Ms. Roach. Mr. Harrington will testify that he had access to all of ZR's medical

19   and school records, that he contact with ZR's counselors and teachers, and through these people was

20   informed of the conduct of ZR both as it related to interacting with supervisors, but also peers.

21        Mr. Harrington will testify that he had significant contact with ZR's daycare provider, Sally

22   Gray, who communicated to him that ZR had issues with dishonesty. Sally Gray was ZR's daycare

23   provider during 2003 and early 2004. Sally Gray is the person who communicated this problem to

24   Dr. Timothy Ernest, who recorded in his psychological evaluation of ZR, "[ZR] does have difficulty

25   regarding lying" See p.1, Exhibit G of Defendant's Motion for Pretrial Hearing previously
     submitted.

DEFENDANT'S MOTION TO ADMIT
ER 608(a) CHARACTER EVIDENCE
AGAINST ZR – 1

                                                      JORDAN LAW OFFICE, P.S.
                                                      2201 NORTH 30TH STREET
                                                      TACOMA, WA 98403
                                                      (253) 627-4040
                                                      (253) 627-4157 (Fax)

ORIGINAL

1   During that same timeframe (early and mid-2004), Mr. Harrington also had significant

2   contact with ZR's teacher, Sue Corak of Spinning Elementary School in Puyallup, Washington.

3   According to Mr. Harrington, Ms. Corak had great difficulty with ZR lying. According to Ms.

4   Corak, ZR would steal property from other students, hide the property and then lie about it. He was

5   apparently caught doing this on numerous occasions. This is also mentioned in ZR's Psychiatric

6   Evaluation. See Exhibit G of Defendant's motion for Pretrial Hearing previously submitted at page

7   3.

8   This same conduct is noted by ZR's counselor. On December 15, 2004 ZR's counselor

9   wrote: "Behaviors continue with secretive, hiding items." See Exhibit N of Defendant's motion for

10   Pretrial Hearing previously submitted. On that same date the counselor wrote: "Behaviors –

11   defiance, arguing, lying acting out at school."

12   On January 19, 2005 ZR's Foster Mother reported problems with ZR lying. See Exhibit O

13   of Defendant's motion for Pretrial Hearing previously submitted. In that same report, ZR's

14   counselor noted that ZR's Foster Mother reports "angry outbursts and lying." Id.

15   Bill Harrington will testify that everyone associated with ZR, (teachers, counselors,

16   healthcare workers and even his mother and father) recognized that ZR had huge problems lying.

17   Mr. Harrington will testify that ZR would make-up stories that had no basis in fact. On one

18   occasion, Mr. Roach, based on ZR's report, reported to CPS that Ms. Roach's daughter was having

19   sex with a 50 year-old neighbor. This turned out to be completely false. Mr. Harrington will testify

20   that ZR's stories were so frequent and disturbing that by the time that this incident occurred, Mr.

21   Harrington required substantiation for any story that ZR told because his lies were so frequent and

22   extravagant.

23   <u>ARGUMENT</u>

24   1.   <u>ZR's Character for Untruthfulness should be admissible under ER 608(a).</u>

25

DEFENDANT'S MOTION TO ADMIT
ER 608(a) CHARACTER EVIDENCE
AGAINST ZR --2

JORDAN LAW OFFICE, P.S.
2201 NORTH 30TH STREET
TACOMA, WA 98403
(253) 627-4040
(253) 627-4157 (Fax)



04-1-05119-5   24249433   MT   12-15-05

FILED
DEPT. 8
IN OPEN COURT

OCT 26 2005

Pierce County Clerk
By _____
        DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR PIERCE COUNTY

STATE OF WASHINGTON,

        Plaintiff,

    vs.

JOHN ROACH,

        Defendant.

CAUSE NO.  04-1-05119-5

MOTION FOR PRETRIAL
HEARING ON CHILD HEARSAY
STATEMENTS AND
TRIAL MEMORANDUM

## FACTS

On August 12, 2004, the kid's school clubhouse daycare in Puyallup, Washington reported to CPS that ZR had a quarter-size bruise on his forehead, a bruise on his right cheek, and a large dark bruise on his right shoulder.  The daycare further reported that when asked how he received the bruises, ZR indicated that his father struck him multiple times with keys when he was angry.  There are no other allegations contained in the CPS report.  Attached and incorporated as though fully set forth herein is the DSHS referral report dated August 12, 2004.

ORIGINAL

JORDAN LAW OFFICE, P.S.
2201 NORTH 30TH STREET
TACOMA, WA 98403
(253) 627-4040
(253) 627-4157 (Fax)

20

PROOF        OF

SERLICE        ATTORNEY GENERAL
                    1125 WA ST SE
                    OLY WA 98501

I   JOHN B Roach

FEDEX   TO ATTORNEY
GENERAL  THE FOLLOW
2254  UNDER PENALTY OF
PERJURY  ON
XMAY        I declare

John E Roach